J-S30005-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD SISTRUNK | : | |
| | : | |
| Appellant | : | No. 4074 EDA 2017 |

Appeal from the PCRA Order November 29, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0207672-1971

BEFORE: PANELLA, P.J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED OCTOBER 03, 2019**

Edward Sistrunk appeals the November 29, 2017, order from the Philadelphia County Court of Common Pleas, which dismissed his Post Conviction Relief Act ("PCRA") petition as untimely. *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

As summarized by the PCRA court:

In 1971, Edward Sistrunk was convicted of participating in the robbery and arson of a furniture store, during which one employee was killed and several others were assaulted. On state collateral review, he was awarded a new trial due to ineffective assistance of counsel. In 1981, he was tried again on the same charges and was convicted of murder in the first-degree, arson, burglary, four counts of aggravated robbery, four counts of assault and battery with intent to murder, and criminal conspiracy.

On direct appeal, appellate counsel did not pursue a jury selection equal protection claim. [Sistrunk's] conviction was affirmed by [our Court], and the Pennsylvania Supreme Court denied review. [Sistrunk] filed his first PCRA petition, raising two issues: whether he was entitled to relief under ***Batson*** [***v. Kentucky***, 471 U.S.

1052 (1985)], which held that the Equal Protection Clause is violated whenever a state prosecutor exercises a peremptory challenge to exclude a juror because of race; and whether he was denied effective assistance of appellate counsel due to counsel's failure to pursue the jury selection issue on direct appeal.

The PCRA court held a hearing in 1992, during which [Sistrunk] and the prosecutor testified. The court held that [Sistrunk] was not entitled to relief under **Batson** because the issue had not been presented on direct appeal. Nonetheless, the court found that even if **Batson** had applied, the prosecutor had presented "credible and racially neutral reasons for each peremptory challenge she exercised," and that she "did not exercise peremptory challenges in a purposefully racially discriminatory manner." **Sistrunk v. Vaughn**, 96 F.3d 666 ([3d Cir.] 1996) at 669. The court held that counsel was not ineffective for failing to raise [the] jury selection issue on appeal because she was not required to predict future developments in the law.

On appeal from the PCRA decision, [we] found the **Batson** claim had been "previously litigated" within the meaning of the PCRA, because it was not raised on direct appeal. Notwithstanding that finding, [we] analyzed the **Batson** issue under the ineffective assistance claim and found it to be meritless. [We] acknowledged that [Sistrunk] established a *prima facie* case under **Batson**, then deferred to the PCRA court's findings that the prosecutor had credible and racially neutral reasons for each of her peremptory challenges. In 1995, the Pennsylvania Supreme Court denied review.

Appellant then filed a federal *habeas corpus* petition. Without holding a hearing, and while acknowledging that federal law required a federal *habeas* court to defer to state court findings of fact, the magistrate judge held that the record did not support the state court's finding of fact regarding the state's peremptory challenges. The district court adopted the magistrate judge's recommendation and ordered petitioner retried or released. In 1996, the Third Circuit Court of Appeals reversed the district court, finding that federal courts were barred from hearing [Sistrunk's] federal claims on their merits absent a showing of cause and prejudice or a demonstration of innocence. The United States Supreme Court denied *certiorari*.

- 2 -

A decade later, on May 31, 2016, [Sistrunk] filed the instant PCRA petition claiming that [**Foster v. Chatman**] [136 S. Ct. 1737 (2016)] states a new rule that should be retroactively applied to his case.

PCRA Court Opinion, 8/24/18, at 1-3 (footnotes and citations omitted).

Sistrunk's notice of appeal was timely filed on December 7, 2017, and he submitted his statement of matters complained of on appeal on April 26, 2018. His brief presents three questions for our review:

1) Whether the PCRA court erred in denying Sistrunk's petition where he argued that **Foster** states a new and retroactively applicable rule of law: that no ineffectiveness needs to be shown where there is any peremptory strike used for the purpose of excluding a person of a certain race.

2) Whether the Superior Court should "set a precedent" on the issue of racism in jury selection.

3) Whether the PCRA's purpose, as "an all-encompassing collateral attack on the validity of convictions" is constitutionally permissible if it does not "permit correction of a pattern of racism."

**See** Appellant's Brief, at 7-8.

Before we can reach the merits of Sistrunk's claims, we must first consider whether his PCRA petition is timely. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014). Our law is clear that the PCRA's time restrictions are jurisdictional in nature, and "if a PCRA petition is untimely, neither this Court nor the trial court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010) (citation omitted).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3).

> The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Sistrunk's judgment of sentence became final on June 24, 1987, 60 days after the Pennsylvania Supreme Court denied his petition for *allocatur*. **See** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the time for seeking the review."); **see also Commonwealth v. Monaco**, 996 A.2d 1076, 1081 n.2 (Pa. Super. 2009).[1]  Accordingly, Sistrunk's petition, filed

---

[1] When our Supreme Court denied Sistrunk's petition for *allocator*, he had sixty days to file with the Clerk of the United States Supreme Court a petition for a writ of *certiorari* under what was then U.S. Sup. Ct. R. 20.1.  Effective January 1, 1990, Rule 20.1 was renumbered as U.S. Sup. Ct. R. 13.  The renumbering also enlarged the time for the filing of a petition for a writ of *certiorari* to ninety days.

approximately 30 years later, is facially untimely. As a result, the PCRA court lacked jurisdiction to review Sistrunk's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i-iii). Moreover, Sistrunk was required to file his petition within 60 days of the date the claim could have first been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).[2]

To circumvent the PCRA time-bar, Sistrunk claims that he is asserting a constitutional right "that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania," *id*., at 9545(b)(1)(iii), that this right was established after his time-bar took effect, and, at least implicitly, that this right has been held by either the Supreme Court of the United States or the Supreme Court of Pennsylvania to apply retroactively. *See id*.

Specifically, Sistrunk argues that *Foster v. Chatman*, 136 S.Ct. 1737 (2016), created both a newly-recognized constitutional right and has been held to be applicable retroactively. *See* Appellant's Brief, at 13-17. Sistrunk claims that *Foster* "is an extension of *Batson*, and that the three[-]part test in *Batson* should be applied to each and every strike which the defense

_____

[2] On October 24, 2018, the General Assembly amended section 9545(b)(2) to expand the time for filing a petition from 60 days to one year from the date a claim could have been presented. *See* 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, *i.e.*, December 24, 2017, or thereafter. As Sistrunk filed the instant petition on May 31, 2016, the sixty day limit applies.

objects to, to determine if even one man or woman was excluded on the basis of race." *Id*., at 15.

First, Sistrunk, by his own words, concedes that *Foster* is merely an extension of *Batson* and not a new constitutional right. *See* Appellant's Brief, at 15. Second, Sistrunk has cited to no authority holding that *Foster*, either by its own dictates or any of its progeny, applies retroactively act all, much less on collateral appeal. The *Foster* opinion does not use the words "retroactive," "retroactively," or anything analogous to the principle of retroactivity that could possibly serve as the basis for a new, retroactive constitutional right.

Pursuant to the PCRA, "a new rule of constitutional law is applied retroactively to cases on collateral review *only* if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases." *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (emphasis added). Thus, even assuming that *Foster* did announce a new constitutional right, absent any language from either court declaring *Foster* to be retroactive, we are without the power to *sua sponte* conduct our own retroactivity analysis. *See id.* Therefore, Sistrunk has failed to satisfy the new constitutional right exception to the time-bar.

As Sistrunk has failed to prove an exception to the PCRA's time-bar that would allow him to file an untimely petition, we find that the PCRA court properly dismissed his PCRA petition as untimely.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/3/19